**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE PEELE,** | ) | |
| **Plaintiff** | ) | **C.A. No. 14-306 Erie** |
| | ) | |
| **v** | ) | **District Judge Rothstein** |
| | ) | **Magistrate Judge Baxter** |
| **MICHAEL D. OVERMYER, et al.,** | ) | |
| **Defendants** | ) | |


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.      RECOMMENDATION**

It is respectfully recommended that:

(1)     Defendants' (partial) motion to dismiss [ECF No. 22] be granted, and that Defendant Overmyer be terminated from this case; and

(2)     Plaintiff's motion for partial summary judgment [ECF No. 43] be denied.


**II.      REPORT**

**A**.      **Relevant Procedural History**

On December 9, 2014, Plaintiff Tyrone Peele, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest")[1], initiated this civil rights action by filing a *pro se* complaint (originally docketed as a petition for writ of mandamus) pursuant to 42 U.S.C. § 1983. He subsequently filed an amended complaint [ECF No. 21], which superseded the original complaint and is the operative pleading in this case. Named as

---

1
Plaintiff is presently incarcerated at the State Correctional Institution at Dallas, Pennsylvania.

Defendants are: Michael Overmyer, Superintendent at SCI-Forest ("Overmyer") and two corrections officers assigned to SCI-Forest, CO3 Glouser ("Glouser") and CO1 Cochran ("Cochran"). Plaintiff claims that, on May 17, 2014, Defendants Glouser and Cochran used excessive force against him in violation of his Eighth Amendment rights, and that Defendants violated his Fourteenth Amendment due process rights by charging him with a fraudulent misconduct arising from the same incident, which resulted in his confinement in the Restricted Housing Unit ("RHU") from May 17, 2014 until February 26, 2015. As relief for his claims, Plaintiff seeks monetary damages.

On August 11, 2015, Defendants filed a (partial) motion to dismiss [ECF No. 22], arguing that Plaintiff has failed to adequately allege the personal involvement of Defendant Overmyer as to any of the underlying constitutional claims, and has failed to state a Fourteenth Amendment due process claim against Defendants Glouser and Cochran.[2] In response, Plaintiff has filed a motion for partial summary judgment as to his Fourteenth Amendment due process claim based on the fact that he was found innocent of the misconduct for which he was placed in the RHU. [ECF No. 43]. This matter is now ripe for consideration.

**B.** **Standards of Review**

**1.** **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

---

2

Defendants specifically acknowledged that they are not moving to dismiss Plaintiff's Eighth Amendment excessive use of force claim against Defendants Glouser and Cochran at this time. (See ECF No. 23, Defendants' Brief, at p. 1 n. 1).

complaint must be accepted as true. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). A complaint

must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to

relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

<u>See</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (May 18, 2009) (specifically applying <u>Twombly</u>

analysis beyond the context of the Sherman Act).

  The Court need not accept inferences drawn by plaintiff if they are unsupported by the

facts as set forth in the complaint. <u>See</u> <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>,

394 F.3d 126, 143 (3d Cir. 2004) <u>citing</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906

(3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations.

<u>Twombly</u>, 550 U.S. at 555, <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). <u>See</u> <u>also</u>

<u>McTernan v. City of York, Pennsylvania</u>, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 556, <u>citing</u> 5 C.Wright & A. Miller, <u>Federal Practice</u>

<u>and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does

"not require heightened fact pleading of specifics, [the Court does require] enough facts to state a

claim to relief that is plausible on its face." <u>Id</u>. at 570.

  In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing'

rather than a blanket assertion of an entitlement to relief." <u>Smith v. Sullivan</u>, 2008 WL 482469,

at *1 (D.Del. February 19, 2008) <u>quoting</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d

Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of' the necessary element." <u>Phillips</u>, 515 F.3d at 234, <u>quoting</u> <u>Twombly</u>, 550 U.S. at 556.

The Third Circuit subsequently expounded on the <u>Twombly/Iqbal</u> line of cases:

> To determine the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u>, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

<u>Burch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 221 (3d Cir. 2011) <u>quoting</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

## 2. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex</u>, 477 U.S. at 323 <u>quoting</u> Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id.

### **3.** *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Ꭺpetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on

other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing

Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d

Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.

### C. Discussion

#### 1. Defendant Overmyer

Defendants argue that Plaintiff has failed to establish the personal involvement of

Defendant Overmyer in any of the alleged constitutional violations and, thus, Plaintiff's claims

against him should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if

that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton,

805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional

violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so

as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir.

1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the

alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance

official's only involvement is investigating and/or ruling on an inmate's grievance after the

incident giving rise to the grievance has already occurred, there is no personal involvement on

the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14

(E.D.Pa. Nov. 2, 2006).

Here, Plaintiff has failed to specify any allegations against Defendant Overmyer,

whatsoever. Based upon a review of the documents submitted with the original complaint, it

appears that Defendant Overmyer's only involvement arose from his receipt of Plaintiff's written requests and grievance appeals regarding the alleged unconstitutional conduct at issue. This is not sufficient to establish his personal involvement for purposes of stating a cognizable claim under 42 U.S.C. § 1983. As a result, Plaintiff's claims against Defendant Overmyer should be dismissed, and Defendant Overmyer should be terminated from this case.

### 2.      Fourteenth Amendment Due Process Claim

Plaintiff claims that Defendants Glouser and Cochran violated his Fourteenth Amendment due process rights by issuing him a false misconduct in connection with the assault incident of May 17, 2014, which resulted in his confinement in the RHU from May 17, 2014 to February 26, 2015, a period of 285 days.

To establish a due process claim under the Fourteenth Amendment, Plaintiff must demonstrate (i) the existence of a constitutionally protected liberty or property interest; and (ii) constitutionally deficient procedures by the state in its deprivation of that interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). If there is no protected interest, there is no need to determine whether the alleged deprivation was without due process. Alvin v. Suzuki, 227 F.3d 101, 116 (3d Cir. 2000).

The Supreme Court has held that a prisoner's state created liberty interest is limited to those situations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "In deciding whether a protected liberty interest exists under Sandin, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 531-32, citing Shoats v. Horn, 213 F.3d 140, 144

(3d Cir. 2000). In applying these factors, the Third Circuit has reached differing conclusions, "reflecting the fact-specific nature of the <u>Sandin</u> test." <u>Mitchell</u>, 318 F.3d at 532, <u>comparing</u>, *inter alia*, <u>Shoats</u>, 213 F.3d at 144 (eight years in administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited him from visiting the library or "participating in any education, vocational, or other organization activities," clearly implicated a protected liberty interest), <u>with</u> <u>Smith v. Mensinger</u>, 293 F.3d 641, 654 (3d Cir. 2002) (seven months of disciplinary confinement did not implicate a liberty interest), and <u>Griffin v. Vaughn</u>, 112 F.3d 703 (3d Cir. 1997) (administrative detention for a period of 15 months, which imposed strict restrictions on outside contact and personal conveniences, did not impose atypical and significant hardship and, thus, did not implicate a liberty interest). Here, the length of Plaintiff's disciplinary confinement is comparable to that of the plaintiffs in <u>Smith</u> and <u>Griffin</u> and, thus, does not implicate a liberty interest on its own.

Nonetheless, it appears that, in determining what constitutes an "atypical and significant hardship" for those in disciplinary confinement, the relevant inquiry is "whether the conditions of [the inmate's] confinement in disciplinary segregation were significantly more restrictive than those imposed upon other inmates in solitary confinement." <u>Shoats</u>, 213 F.3d at 144. <u>See</u> <u>also</u> <u>Leamer v. Fauver</u>, 288 F.3d 532, 546 (3d Cir. 2002)("under <u>Sandin</u> a court must assess whether administrative segregation, or its concomitant conditions, constitute an "atypical and significant hardship" by comparing the circumstances of [the inmate's] placement with those of others within comparable confinement"); <u>Wagner v. Hanks</u>, 128 F.3d 1173 (7th Cir. 1997)(state prison inmate's due process claim based on inmate's placement in disciplinary segregation was to be evaluated by comparing conditions of inmate's confinement with conditions of segregation in

state's entire prison system, not just inmate's individual prison).

Here, Plaintiff has not pled any facts to indicate that his liberty interests were implicated by his confinement in the RHU at SCI-Forest. Nothing in the complaint alleges any condition of confinement that was appreciably different from the conditions of other similarly situated inmates. The only hardship Plaintiff alleges to have suffered during his confinement in the RHU was a three-week period in January 2015 during which another inmate placed urine and feces in the ventilation system leading down to Plaintiff's cell. (ECF No. 21, Amended Complaint, at p. 3). However, such conditions were not comparably different from those endured by the other inmates served by the same ventilation system.

Because Plaintiff has not alleged conditions of confinement in the RHU that were "significantly more restrictive than those imposed upon other inmates in solitary confinement" pursuant to <u>Shoats</u>, he has failed to establish the deprivation of a liberty interest. <u>See</u> <u>Dantzler v. Beard</u>, 2007 WL 5018184, at *7 (W.D.Pa. Dec. 6, 2007). Accordingly, Plaintiff's Fourteenth Amendment due process claim should be dismissed, and Plaintiff's partial motion for summary judgment as to such claim should be denied.[3]

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

(1)     Defendants' (partial) motion to dismiss [ECF No. 22] be granted, and that Defendant Overmyer be terminated from this case; and

(2)     Plaintiff's motion for partial summary judgment [ECF No. 43]

---

[3] The Court notes that Plaintiff's partial motion for summary is based upon his contention that the allegedly false misconduct issued against him by Defendants Glouser and Cochran was ultimately dismissed by the hearing examiner; however, the misconduct records attached to Plaintiff's original complaint appear to indicate otherwise. (<u>See</u> ECF Nos. 1-9 and 1-10).

be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 11, 2016

cc:     The Honorable Barbara Rothstein
        United States District Judge