# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

| | |
|---|---|
| TYRONE PEELE, ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. 14-306 |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| MICHAEL D. OVERMYER, et al., ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("R&R") [149] of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court grant the motion for summary judgment filed by Defendants Clouser and Cochran [132]. Specifically, the R&R states that Plaintiff, in relevant part, alleges that Clouser and Cochran, corrections officers at the state prison in which Plaintiff is incarcerated, violated his Eighth Amendment rights by using excessive force against him on May 17, 2014. Doc. 149 at 1-2 (citing Compl., Doc. 20). According to Plaintiff, while Cochran was completing a pat down of his person outside of the prison's dining hall, Plaintiff was "startle[d]" by something he felt on his back. Br. in Opp'n, Doc. 136 at 28. In response, Plaintiff alleges, Plaintiff "piv[o]t[ed]" to his left, at which point multiple guards "rush[ed]" Plaintiff, "grabbed" his legs and "ran into" his knees in an apparent attempt to "break [Plaintiff's] legs." *Id*. Defendants, however, submitted with their motion a video recording that captures the entirety of the event; and, as detailed in the R&R, the video depicts an altercation markedly different from the one described by Plaintiff. See Doc. 149 (citing Doc. 135-3, Exs. 4-6). The video shows that Plaintiff, in the presence of multiple officers, pivoted away from

1

Cochran; took a "fighting" stance by putting up his fists; moved, with his fists up, in front of the officers; and attempted to strike multiple officers. Doc. 135-3, Ex. 5. Within second, other officers arrived and attempted to encircle Plaintiff without making physical contact. *Id*. Seconds later, Plaintiff charges toward an officer in an obvious attempt to punch him. *Id*. The officer ducked, and Plaintiff rolled over him. *Id*. Two officers then restrained Plaintiff's upper body while a third restrained his legs. *Id*. Plaintiff was lowered to the ground but continued to struggle. *Id*. The officers handcuffed and shackled Plaintiff; and, after approximately one minute on the ground, the officers helped Plaintiff to his feet and immediately escorted him to the medical office. *Id.* According to the medical report, Plaintiff complained of knee pain, and sustained "abrasions" and "scrapes" above his eyebrow and on his nose, but did not require treatment. Doc. 135-3 at 28. Thus, the R&R found the following: (1) that Defendants had a need to apply force; (2) that there was a reasonable relationship between the need for and use of force; (3) that Defendants acted to limit the severity of their response; and (4) that the use of force resulted in minor, superficial injuries to Plaintiff. Doc. 149 at 7-9 (citing *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000); *Whitley v. Albers*, 457 U.S. 312, 231 (1986)). Accordingly, the R&R concluded, no reasonable jury could conclude that Defendants used excessive force in violation of Plaintiff's Eighth Amendment right. Doc. 149 at 9.

Petitioner filed objections to the R&R. Doc. 42. When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge.

*Raddatz*, 447 U.S. at 673-74. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Here, Plaintiff's filing, though titled "objection[s]" to the R&R, does not mention any of the R&Rs findings, nor does it mention Defendants or otherwise respond to what is depicted on the video. *See* Doc. 150.[1] Accordingly, Plaintiff's objections do not trigger *de novo* review. *See Goney*, 749 F.2d at 6-7. In any event, the R&R is correct that the record in this case clearly demonstrates that the entire incident lasted a little over one minute, and that Clouser and Cochran used force in proportion to—and only after—Plaintiff's physical threats and advances. *See* Compl., Doc. 20, Exs. A-K; Defs.' Mot., Docs. 132-33; App. to Statement of Material Facts, Doc. 135, Exs. 1-7; Pl's. Opp'ns, Docs. 128-131, 136-37, 139; Pl's. Objs., Doc. 150. Here, for the reasons stated in the R&R, no reasonable fact finder could conclude that Defendants used excessive force, and, therefore, summary judgment is appropriate. *See* R&R, Doc. 149; *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) ("In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"); *see also Conklin v. Hale*, 680 Fed. Appx. 120, 122-23 (3d Cir. 2017); *Austin v. Tennis*, 381 Fed. Appx. 128, 134 (3d Cir. 2010). Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation [Doc. 149];

---

[1] Instead, Plaintiff, in his objections, renews previously-dismissed allegations against a previously-terminated defendant, Michael Overmyer. *See* Doc. 150. Plaintiff additionally maintains that his "affidavit" contradicts an incident report, written by a different Defendant following the May 17, 2014 incident, is enough to preclude summary judgment. *See id.*

3

(2) Defendants' Motion for Summary Judgment [Doc. 132] is **GRANTED**;

(3) Defendants Clouser and Cochran shall be terminated from this case;

(4) The clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED**.

DATED this 22nd day of September, 2017.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE